Filed 1/22/25  P. v. Diaz CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOSE ANTONIO DIAZ,<br><br>    Defendant and Appellant. | G062975<br><br>(Super. Ct. No. 07CF0015)<br><br>O P I N I O N |

        Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge. Affirmed.

        David P. Lampkin, under appointment by the Court of Appeal, for Defendant and Appellant.

        Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel

Rogers, Matthew Mulford and Sharon L. Rhodes, Deputy Attorneys General, for Plaintiff and Respondent.

*  *  *

In 2007, defendant Jose Antonio Diaz was sentenced to prison for life without the possibility of parole (LWOP) for crimes he committed when he was 20 years old. In 2023, he moved the trial court for a *Franklin*[1] proceeding to preserve evidence for a future Penal Code section 3051 hearing.[2] The court denied the motion on the ground Diaz was not a minor when he offended and, accordingly, was not eligible for relief under section 3051.

On appeal, Diaz argues section 3051 violates equal protection by offering relief to persons incarcerated for crimes they committed between the ages of 18 and 25 whose sentences are so lengthy that they are unlikely to obtain a parole hearing in their lifetime (de facto LWOP), while excluding those incarcerated for crimes they committed between the ages of 18 and 25 who received a sentence of life imprisonment without parole (de jure LWOP). After Diaz filed his appeal and submitted his opening brief, his equal protection argument was rejected by the California Supreme Court. (*People v. Hardin* (2024) 15 Cal.5th 834 (*Hardin*).) Following *Hardin*, we affirm.

FACTS

In 2007, a jury found Diaz guilty of first degree murder and street terrorism. Diaz was 20 when he committed the crimes. The jury found true the special circumstances that the murder was committed by lying in wait and to further the activities of a criminal street gang. It also found true

---

[1] *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*).

[2] All further statutory references are to the Penal Code.

2

that, in committing the murder, Diaz personally and intentionally discharged a firearm causing death and that he committed the murder for the benefit of a criminal street gang. In a bifurcated proceeding, the trial court then found true an allegation that Diaz had suffered a prior strike conviction. It sentenced Diaz to LWOP, plus 40 years to life, and a determinate term of five years.

On appeal from the judgment, this court struck a 15-year-to-life gang enhancement but otherwise affirmed the judgment. (*People v. Diaz* (Jan. 22, 2009, G039522) [nonpub. opn.].) On remand, the trial court corrected the sentencing minutes and abstracts of judgment to show Diaz was sentenced to an aggregate term of LWOP, plus 25 years to life, plus 5 years.

In June 2023, Diaz filed a motion for: (1) a *Franklin* proceeding pursuant to section 1203.01; (2) appointment of counsel; (3) recall of his sentence; and (4) resentencing. The trial court denied the motion on the ground Diaz was not eligible for relief under section 3051.

DISCUSSION

Section 3051 "offers opportunities for early release to certain persons who are incarcerated for crimes they committed at a young age. [Citations.] When it was first enacted in 2013, the statute applied only to individuals who committed their crimes before the age of 18; the purpose of the statute was to align California law with then-recent court decisions identifying Eighth Amendment limitations on life without parole sentences for juvenile offenders. In more recent years, however, the Legislature has expanded the statute to include certain young adult offenders as well. Under the current version of the statute, most persons incarcerated for a crime committed between the ages 18 and 25 are entitled to a parole hearing during the 15th, 20th, or 25th year of their incarceration. [Citation.] But not all

3

youthful offenders are eligible for parole hearings. The statute excludes, among others, offenders who are serving sentences of life in prison without the possibility of parole for a crime committed after the age of 18." *(Hardin, supra,* 15 Cal.5th at pp. 838–839.)

On appeal, Diaz argues section 3051 violates equal protection by treating young adult offenders who received de facto LWOP sentences differently than young adult offenders who received de jure LWOP sentences.[3] At the time Diaz filed the current appeal, the equal protection question raised by his appeal was pending before the California Supreme Court. In March 2024, the California Supreme Court squarely rejected the equal protection argument, holding section 3051's exclusion of youthful offenders sentenced to LWOP is not constitutionally invalid under a rational basis standard, either on its face or as applied to individuals serving de facto LWOP sentences for special circumstances murder. (*Hardin, supra,* 15

---

[3] Diaz's brief also references an alleged due process violation but fails to provide any authority or argument to support a claim of denial of due process. The argument is therefore waived. (See *Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 684 ["The reviewing court is not required to develop the parties' arguments or search the record for supporting evidence and may instead treat arguments that are not developed or supported by adequate citations to the record as waived"].)

Cal.5th at pp. 838–840.) We follow *Hardin* and affirm the trial court's denial of Diaz's motion for a *Franklin* proceeding.[4]

DISPOSITION

The trial court's postjudgment order denying Diaz's request for a *Franklin* proceeding is affirmed.

GOODING, J.

WE CONCUR:

GOETHALS, ACTING P. J.

DELANEY, J.

---

[4] Diaz also argues the trial court erred in failing to appoint counsel in connection with his *Franklin* proceeding. If the court erred in failing to appoint counsel, such error is harmless under either *Chapman v. California* (1967) 386 U.S. 18 or *People v. Watson* (1956) 46 Cal.2d 818. As set forth above, Diaz had no right to a *Franklin* proceeding under section 3051, so there was no need to appoint counsel.